**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America,        )<br>                                            )<br>                  Plaintiff,       )<br>                                            )<br>vs.                                     )<br>                                            )<br>Stephen Marc O'Berry,        )<br>                                            )<br>                  Defendant.   ) | **ORDER DENYING DEFENDANT'S<br>MOTION FOR JUDGMENT<br>OF ACQUITTAL**<br><br>Case No.  4:05-cr-024 |

Before the Court is the defendant Stephen O'Berry's "Motion for Judgment of Acquittal" filed on December 21, 2005. The Government has filed a response opposing the motion. For the following reasons, the motion is denied.

**I.    BACKGROUND**

On March 22, 2005, the defendant, Stephen O'Berry, was charged in a two-count indictment with the crimes of receipt of material involving the sexual exploitation of minors, and possession of material involving the sexual exploitation of minors.[1] On December 13, 2005, the Defendant's jury trial commenced in Bismarck, North Dakota. On December 15, 2005, after more than two days of testimony, the jury found the Defendant guilty on both counts. Thereafter, on December 21, 2005, the Defendant filed the present motion for judgment of acquittal.

---

[1] Dusty O'Berry, the Defendant's wife, was also named in the indictment, but later pled guilty to a lesser-unrelated charges. See Docket Nos. 36 and 37.

**II.    LEGAL DISCUSSION**

The Defendant's motion for judgment of acquittal is predicated upon Rule 29(c) of the Federal Rules of Criminal Procedure, which provides as follows:

> **(c) After Jury Verdict or Discharge.**
>
> **(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.
> **(2) Ruling on the Motion.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> **(3) No Prior Motion Required**. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

It is well-established that a motion for a judgment of acquittal should be denied where the evidence, viewed in a light most favorable to the government, is such that a reasonable jury could have found each of the essential elements of the crime beyond a reasonable doubt.  United States v. Moyer, 182 F.3d 1018, 1021 (8th Cir. 1999) (citing United States v. Jones, 51 F.3d 128, 129 (8th Cir. 1995); United States v. Huntsman, 959 F.2d 1429, 1436-37 (8th Cir. 1992), cert denied, 506 U.S. 870 (1992)).  The issue on a motion for acquittal is whether the evidence at trial was sufficient to support a conviction.  United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005).  The Court is required to accept all reasonable inferences that support the verdict and only reverse the conviction if no reasonable jury could have found the defendant guilty.  See United States v. Washington, 318 F.3d 845 (8th Cir. 2003).

In his motion, the Defendant summarizes his argument for acquittal as follows:

> The Court heard defendant's closing arguments, and defendant will not repeat all of those arguments here.  It is sufficient to state here, for purposes of this motion, two general ideas.

> First, the government's own witness in its case in chief, Dusty O'Berry, testified that she had equal access to defendant's computer, and that she knew how to use NewsBin Pro.
>
> Second, the Lucy and Vicky videos were accessed, i.e., or opened. However, the government could not say how long they were open or exactly when they were opened. In regard to the Lucy video, the government's testimony was that it was opened sometime in July, 2004. It could have been July 14, 2004. Importantly, there was no evidence that the 1,395 still photographs were ever accessed or opened.

Defendant's Motion for Judgment of Acquittal, p. 1.

To support his position the Defendant cites to the Eighth Circuit case of United States v. Hall, 999 F.2d 1298 (8th Cir. 1993). In Hall, the defendant was convicted of involuntary manslaughter of an eleven-month-old child. The evidence established that the child was battered to death and that both the Defendant and his wife were in the home at the time of death. Each gave inconsistent and conflicting statements to law enforcement officers as to how the injury occurred. Neither testified at trial. The trial judge set aside the verdict and entered a judgment of acquittal on the grounds that there was no evidence from which a reasonable juror could find either the Defendant or his wife guilty beyond a reasonable doubt. On appeal, the Eighth Circuit affirmed the decision. The Court stated that "physical proximity to the crime is simply insufficient to establish responsibility for it." Id. at 1299. Based upon the evidence, or lack thereof, the Eighth Circuit concluded that a reasonable juror would "have to entertain a reasonable doubt with respect to the identity of the perpetrator or perpetrators of the crime." Id. at 1300.

In this case the defendant, Stephen O'Berry, was charged with the crimes of receipt of material involving the sexual exploitation of minors, and possession of material involving the sexual exploitation of minors. The crime of receipt of material involving the sexual exploitation of minors has three essential elements:

  (1)  the Defendant knowingly received computer files which contained one or more visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and were depictions of such conduct;

  (2)   the Defendant knew the visual depiction(s) contained in the computer files showed minors engaging in sexually explicit conduct; and

  (3)  the visual depictions were mailed, shipped, transported in interstate or foreign commerce.

The crime of possession of material involving the sexual exploitation of minors also has three essential elements:

  (1)  the Defendant knowingly possessed computer files which contained one or more visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and were depictions of such conduct;

  (2)  the Defendant knew the visual depiction(s) contained in the computer files showed minors engaging in sexually explicit conduct; and

  (3)  the visual depictions were mailed, shipped, or transported in interstate or foreign commerce, or were produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce.

All of these elements were set forth in the preliminary and final instructions. See Docket No. 51. Neither party objected to the essential elements of the crimes as written.

  At the time of the initial search of the O'Berry residence, law enforcement officers seized both the Defendant's personal computer as well as Dusty O'Berry's (his wife) personal computer. Both computers were located in the master bedroom of the O'Berry residence. At trial, the

Government presented evidence of nearly 1400 images and more than thirty (30) videos removed from the hard drive of the Defendant's personal computer which contained images of child pornography. At least two of the videos and more than 100 images of child pornography were published to the jury. Expert testimony established that the videos were downloaded and accessed on the Defendant's personal computer. The undisputed evidence disclosed that the visual depictions of child pornography were mailed, shipped or transported in interstate or foreign commerce. The testimony from law enforcement officers and a medical expert established that many of the children depicted in the images and videos were under the age of eighteen, and in many instances much younger. The Defendant's personal computer contained sophisticated and customizable software that allowed a user to download images from newsgroups which included adult and child pornography. The Defendant had extensive computer knowledge and worked as a computer technician.

The Defendant's wife, Dusty O'Berry, appeared at trial and testified that, although she had access to and had used the Defendant's personal computer, she had never download any images or videos containing child pornography. Dusty O'Berry testified that she was unaware of the existence of child pornography on her husband's computer. It was clear from the evidence presented at trial that both Dusty O'Berry <u>and</u> Stephen O'Berry had access to and had used both of the computers located in the master bedroom. However, the undisputed evidence revealed that <u>all</u> of the images and videos containing child pornography were found on the Defendant's personal computer. No child pornography was found on Dusty O'Berry's personal computer.

The Court has carefully reviewed the evidence and the Eighth Circuit's holding in <u>Hall</u> and finds that a judgment of acquittal is unwarranted. The Defendant has highlighted the scant evidence

that may tend to cast some doubt as to his guilt. However, when viewed in a light most favorable to the government, a reasonable jury could easily find sufficient evidence to establish every essential element of the crimes charged beyond a reasonable doubt. Hall does not alter that determination. Unlike Hall, the evidence in the present case strongly supports a finding that the Defendant was far more culpable than his wife because (1) the images and videos containing child pornography were only found on his personal computer; (2) most of the images were downloaded using sophisticated and customized software; (3) the Defendant had extensive computer knowledge and was far more "computer-savvy" than his wife; and (4) Dusty O'Berry testified that she had never downloaded any images or videos containing child pornography.

The Defendant testified at trial and denied that he had ever knowingly downloaded child pornography onto his computer. The jury found that this testimony was not credible. The Defendant's challenge hinges on the credibility of various witnesses. However, it is well-established that credibility is the province of the jury. United States v. Kenyon, 397 F.3d 1071, 1076 (8th Cir. 2005). This Court will not disrupt the jury verdict under the circumstances. The evidence presented at trial clearly established the essential elements of the crimes by proof beyond a reasonable doubt. The evidence was more than sufficient to support a conviction on both counts. The jury unanimously concluded that the defendant, Stephen O'Berry, was not a credible witness. While there was conflicting testimony at trial, the Court finds that a reasonable jury could have determined that the Defendant was guilty on both counts.

### III.     CONCLUSION

For the reasons set forth above, the Defendant's Motion for Judgment of Acquittal is **DENIED** (Docket No. 57).

**IT IS SO ORDERED**.

Dated this 6th day of January, 2006.

_____
Daniel L.  Hovland, Chief Judge
United States District Court